UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WILLIAM GARY ROBINSON,

               Plaintiff,

          -against-

PETER TROYAN,

             Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case #: 2:07-cv-04846-JS-ETB

Justice Assigned:
U.S. Magistrate Judge
E. Thomas Boyle

# MEMORANDUM OF LAW

## FOR DEFENDANT'S MOTION *IN LIMINE*

## TO PRECLUDE WITNESS TESTIMONY

Scott D. Middleton, Esq.
CAMPOLO, MIDDLETON
& McCORMICK, LLP
Attorneys for Defendant
3340 Veterans Memorial Highway
Suite 400
Bohemia, New York 11716
(631) 738-9100
SDM 8086

1

**Relief Sought**

This motion *in limine* seeks to preclude testimony of Plaintiff's proposed witness, Chief David J. Hegermiller.

**Relevant Facts**

Just prior to the last pre-trial conference on October 27, 2011, we learned of Plaintiff's intention to call Police Chief David J. Hegermiller as a witness at trial.

Apparently, what sparked Plaintiff's interest in the chief as a witness was deposition testimony given by the defendant, Officer Peter Troyan.  Defendant testified that after the incident he was suspended without pay for eight (8) months and that after being reinstated as a police officer, the chief prohibited Defendant from carrying a weapon.

The chief did not witness any of the events that led to Plaintiff's filing of this claim. Thus, he has no relevant evidence to lend at the time of trial regarding any of the facts in dispute.

**Argument**

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Stephen v. Hanley*, 2009 WL 1471180 (E.D.N.Y. 2009)

According to Federal Rule of Evidence 401, relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Brutus v. Silverseal Corporation*, 2010 WL 3155167 (S.D.N.Y. 2010)

It is the position of Defendant that to permit the testimony of Chief Hegermiller would subject Defendant to unfair prejudice and tend to confuse and/or mislead the jury.  Plaintiff did

not depose the chief and based upon all of the facts known, Chief Hegermiller has no independent or firsthand knowledge of the alleged assault claimed by Plaintiff.

Plaintiff is claiming that the force used by Defendant was excessive. Defendant Troyan asserts that the force that was used under the circumstances was reasonable.

In an excessive force claim, the question is "whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Stephen v. Hanley*, 2009 WL 1471180 (E.D.N.Y.) citing *Bryant v. City of New York*, 404 F3d 128 (2d Cir. 2004). "Therefore, relevant evidence in the present case bears on whether the officer's conduct was objectively reasonable." *Stephen*, supra. The chief witnessed neither the events before the alleged assault nor the alleged assault itself. Therefore, the chief's testimony would be completely irrelevant to the matter at hand and should be precluded.

It is important to note that Federal Rule of Evidence 403 permits the exclusion of evidence, even if relevant, if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury: "in making a Rule 403 determination, Courts should ask whether the evidence's proper value is more than matched by [the possibility]...that it will divert the jury from the facts which should control their verdict." *Stephen, supra*, citing *Bensen v. American Ultramar, Ltd.*, No. 92-CIV-4420 (S.D.N.Y. 1996).

It is respectfully submitted that any departmental disciplinary actions after this incident involving Defendant Troyan are "completely irrelevant to whether the officer's actions were objectively reasonable before and during the course of the incident at issue." *Stephen, supra*. Thus, Chief Hegermiller's testimony should be precluded.

It is patently obvious that Plaintiff's intent to elicit testimony from Chief Hegermiller regarding departmental administrative and disciplinary actions is an attempt to inflame and prejudice the jury by casting Defendant's actions in a negative light based upon the outcome of disciplinary departmental actions taken by Chief Hegermiller.   Because Plaintiff's attempt to subpoena Chief Hegermiller is an attempt to elicit inflammatory and prejudicial testimony about Defendant that will confuse or distract the jury from considering the facts which should control their verdict, his testimony should be precluded even if the Court determines it is relevant to the issue of whether or not the force used was reasonable.

Finally, we come to the issue of self-critical analysis privilege.  The self-critical analysis privilege has been recognized by some federal courts as a qualified privilege protecting certain forms of self-appraisals from discovery. *Reichhold Chemicals, Inc. v. Textron, Inc.*, 157 F.R.D. 522, 524 (N.D. Fl., Pensacola Division, 1994).  The privilege "allows individuals or businesses to candidly assess their compliance with regulatory and legal requirements without creating evidence that may be used against them by their opponents in future litigation." *Reichhold, supra.*  The purpose of the privilege is to ensure that "the flow of ideas and suggestions with regard to the improvement of safety can continue unimpeded" and "to encourage confidential self-analysis and self-criticism."  *Granger v. National Railroad Passenger Corporation*, 116 F.R.D. 507, 508 (E.D. Pa.1987).

According to a Harvard Law Review article on the privilege, courts have extended the self-critical analysis privilege to three types of documents: (1) hospital committee reports, (2) certain internal investigatory reports, and (3) various equal opportunity forms submitted to the government under Title VII.  *See* "The Privilege of Self-Critical Analysis," 96 Harv. L. Rev. 1083 (1983).

3

The privilege was first recognized in the context of medical malpractice in *Bredice v. Doctors Hospital, Inc.*, 50 F.R.D. 249 (D.D.C. 1970), *aff'd* 479 F.2d 920 (D.C. Cir. 1973). In that case, the court applied the privilege to the minutes and reports of hospital staff meetings, recognizing the importance of "candid and conscientious evaluation of clinical practices." *Bredice, supra* at 250. *See also* Bassler Del Pra, Roseann, "The 'Self-Critical Analysis' Privilege Protects Against Disclosure of Pharmaceutical Audit in New Jersey," June 12, 2007.

In *Reichhold, supra*, the Northern District of Florida analogized the self-critical analysis privilege to Rule 407 of the Federal Rules of Evidence, which excludes evidence of subsequent remedial measures. In *Granger, supra*, the Eastern District of Pennsylvania found that "since one of the primary purposes of the doctrine is to prevent a chilling effect on self-analysis and self-evaluation prepared for the purpose of protecting the public by instituting practices assuring safer operations," Amtrak documents entitled "Accident Analysis" and "Committee Recommendations" were privileged in this personal injury case. However, documents entitled "Cause" and "Contributing Factors" pertaining to the plaintiff's accident were admissible, because the cause of an accident and the factors contributing thereto "are at the heart of every action brought by an employee to recover for his or her injuries." *Granger*, 116 F.R.D. 507, 510.

The Eastern District of New York applied the privilege in a securities fraud action against New York electronics retailer Crazy Eddie. See *in re Crazy Eddie Securities Litigation*, 792 F.Supp. 197 (1992). The court stated that the privilege of self-critical analysis served the public interest "by encouraging self-improvement through uninhibited self-analysis and evaluation." *Crazy Eddie*, 792 F.Supp at 205, citing *Lasky v. American Broadcasting Cos., Inc.*, 5 Fed.R.Serv.3d 1366, 1986 Wl 9223 (S.D.N.Y. 1986). The privilege is not absolute; it applies "only to the analysis or evaluation itself, not to the facts upon which the evaluation is based."

*Crazy Eddie, supra*, citing *Burka v. New York City Transit Authority*, 110 F.R.D. 660, 667 (S.D.N.Y. 1986).

In *Crazy Eddie*, the court affirmed a magistrate judge's decision to excuse Peat Marwick from producing audit reports and letters pertaining to internal quality controls. Peat Marwick asserted that producing the materials "would chill its attempt to monitor the quality of its work." The court noted that it was "somewhat skeptical of a claim of a chilling effect," but that "it is not without weight." Because the information *underlying* the reviews was available for the parties' experts, the court found that the plaintiff had failed to demonstrate a need for the documents that outweighed the defendants' claim of privilege. *Crazy Eddie, supra*, 792 F.Supp at 205

The Harvard Law Review article regarding the privilege of self-critical analysis notes that "some courts have shielded from discovery the results of police department investigations when, following an arrest or shooting, a plaintiff has either alleged a civil rights violation or asserted a wrongful death claim." According to the article, "these cases hinged on the public interest in permitting police departments to conduct thorough investigations to reduce the number of improper police actions by providing the basis for disciplinary action and other necessary changes." See "The Privilege of Self-Critical Analysis," 96 Harv. L. Rev. 1083, 1088 (1983). These cases are *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970) and *Kott v. Perini*, 283 F.Supp. 1 (N.D. Ohio 1968).

In *Kott v. Perini*, the petitioner served a subpoena on the captain of the Canton, Ohio Police Department seeking all police records relating to the arrest, questioning, arraignment, trial, and sentencing of the petitioner in 1964 for grand larceny. The respondent moved to quash the subpoena, arguing that the matters contained in the police records were privileged. The District Court, Northern District of Ohio, Western Division, granted the respondent's motion.

The court wrote: "the members of a police department must be able to rely upon their confidential records and notations being preserved for their internal use in all cases, for if it were otherwise, the knowledge that some of the confidential information recorded might be later exposed to outside parties would have a certain and chilling effect upon the internal use of such record making."

It is respectfully asserted that in this matter, the privilege of self-critical analysis applies and thus Chief Hegermiller should not be permitted to testify.

<u>**Conclusion**</u>

Chief Hegermiller's testimony is completely irrelevant and thus should be precluded. He did not witness the event or anything leading up to the event. He therefore has no knowledge that could shed light on whether or not Defendant Troyan's actions were reasonable. Furthermore, even if the plaintiff establishes that the testimony is relevant, it is only being sought with the intent to mislead, confuse and/or inflame the jury thereby distracting them from evidence they should consider in reaching their verdict. Finally, the privilege of self critical analysis should be applied and the testimony of Chief Hegermiller thereby precluded.

Respectfully submitted,

Scott D. Middleton, Esq.
**CAMPOLO, MIDDLETON**
**& McCORMICK, LLP**
Attorneys for Defendant
3340 Veterans Memorial Highway
Suite 400
Bohemia, New York 11716
(631) 738-9100
SDM 8086
smiddleton@cmmllp.com

To:   **Brian M. Dratch, Esq.**
      **Franzblau Dratch, P.C.**
      Attorneys for Plaintiff
      233 Broadway, Suite 2701
      New York, NY 10279
      (212) 571-1808
      bdratch@njcounsel.com

## AFFIDAVIT OF SERVICE BY MAIL

State of New York    )
                         ) s.s.:
County of Suffolk     )

**Kerryann Farina**, being duly sworn, deposes and says:

That I am over the age of eighteen (18) years, not a party to the within action and reside at Center Moriches, New York.

That on the 2nd day of November, 2011, I served the within **Memorandum of Law for Defendant's Motion in Limine to Preclude Witness** upon:

Brian M. Dratch, Esq.
Franzblau Dratch, P.C.
Plaza One
354 Eisenhower Parkway
Livingston, NJ 07039-0472

by mailing a true and complete copy of same, via FedEx, Article #: 7976 9391 1122, and depositing same in a FedEx depository within New York State, at the last known address of the addressee(s) as set forth herein.

Kerryann Farina

Sworn to before me on the
2nd day of November, 2011

Notary Public

AMANDA ANN BRUNO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BR6187492
Qualified in Suffolk County
My Commission Expires May 19, 2012