**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
**WILLIAM GARY ROBINSON,**                    Case #: 2:07-cv-04846-JS-ETB

        **Plaintiff,**

        **- against -**                                    **DEFENDANT'S PROPOSED**
                                                           **REQUEST TO CHARGE**

**PETER TROYAN,**

        **Defendant.**
-----------------------------------------------------------------------x

Defendant, Peter Toyan, by counsel, hereby submits the following Request to Charge:

### Elements of a Section 1983 Claim

The law which will apply to the plaintiff's claim is Title 42, Section 1983 of the United States Code, which says, in pertinent part that:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State subjects ...any [one]... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured..."

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

(1)    That the conduct complained of was committed by persons acting under color of state law;

(2)    That this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

(3)    That the defendants' acts were the proximate cause of the injuries and consequent damages sustained by plaintiff.[1]

1

The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency. Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.[2]

In this action, the parties do not dispute that the defendant acted in his capacity as an employee of the Town of Riverhead. Therefore, you need not consider this element.

The second element of plaintiff's claim is that he was deprived of a federal right by the defendant. In order for the plaintiff to establish the second element, they must establish three things by a preponderance of the evidence: first, that the defendant committed the act alleged by plaintiff; second, that that act caused the plaintiff to suffer the loss of a federal right[3]; and third, that in performing the acts alleged, the defendant acted intentionally or recklessly[4].

The third element plaintiff must prove is that the defendant's acts were the proximate cause of his alleged injuries. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of a defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the

2

injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant which deprived the plaintiff of a federal right. Thus, if you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred anyway even in the absence of such conduct, you must find that the defendant did not proximately cause plaintiff's injury, and must therefore find for the defendants.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. The conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of injury which intervenes between the defendant's act or omission and the plaintiff's injury, and which produces a result which was not reasonably foreseeable by the defendants[5].

### Defendant's State of Mind Under Section 1983

I instruct you that, to establish a claim under Section 1983, the plaintiff must show that the defendant acted intentionally or recklessly. If you find that the acts of the defendant was merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendant[6].

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. If

3

determining whether a defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts[7].

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts[8].

## **Excessive Force**

In order to prove a claim of excessive force under the federal statute each plaintiff must prove, by a preponderance of the evidence, three basic elements;

First: That accused defendant knowingly used excessive force against plaintiff.

Second: That the accused defendant's conduct constituted excessive force as I shall define that term for you; and

Third: That defendant's conduct was the proximate cause of injury and consequent damage to plaintiff.

I have already explained what it means to say that a person acted knowingly and for an alleged injury to be proximately caused by a person's actions.

I will now instruct you on the various claims of excessive force.

Plaintiff William Robinson claims that during the course of his pre-trial confinement, he was struck, kicked and thrown to the ground for no reason by defendant officer.

Defendant Police Officer Peter Troyan admits that force was used but only after plaintiff repeatedly created a nuisance while in the courtroom and physically resisted officers attempts to move him from the courtroom to a holding cell, and employed only that force that was necessary to overcome plaintiff's resistance.

In respect to excessive force, I instruct you that not every push or shove, even if it may later seem unnecessary, violates the Constitution. Reasonableness must embody the fact that police officers and peace officers are often forced to make split second judgments in circumstances that are tense, uncertain and rapidly evolving about the amount of force that is necessary.[9]

Whether the force used is constitutionally unreasonable depends upon the factual circumstances of the case. To determine whether the force used was reasonable, you may also consider the following factors: the scope of the particular infraction; the manner in which it is conducted; the justification for initiating it; and the place in which it is conducted. Using these factors, you must determine whether it was objectively reasonable for the defendant Peter Troyan, under the totality of the circumstances, to engage in the conduct he did on February 7, 2007.[10]

If you find that the Police Officer Peter Troyan was merely negligent, or merely acted with a lack of due care, or that you might not have used force in the same situation, there can be no recovery for the plaintiff because negligence or lack of due care does not establish a constitutional deprivation, and the standard is not governed by your own personal preferences.[11]

5

## **Damages**[12]

The fact that I will instruct you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

If you find in favor of the plaintiff, you may award him such damages as will compensate him for the injuries which you have found that he has received. In compensating the plaintiff for his injuries, you should consider the extent and permanency of the injuries and what would adequately compensate him for those injuries.

If you find that the defendant is liable for the injuries suffered by plaintiff, then you must determine the amount of damages that plaintiff is entitled to recover. However, my charge to you on the issue of damages must not be taken as an indication that you should find in favor of plaintiff. Instructions as to the measure of damages are given for your guidance in the event you should find for the plaintiff.

If you decide that plaintiff is entitled to a verdict, an award of damages must be reasonable. You may award plaintiff only such damages as will be reasonably compensate him for such injury. You are not permitted to award speculative damages. You are not to include in any verdict compensation for prospective loss which, although possible, is not reasonably certain to occur in the future.

You are not permitted to award any plaintiff any amount to compensate him for his legal fees in bringing this action. If any plaintiff is successful, that issue will be addressed by the Court, not by you.

The defendant may only be held liable for damages claimed to have been sustained during the period commencing <u>after</u> plaintiff's initial contact with the defendant in each alleged incident.

In the event that you determine to award either plaintiff a sum of money, regardless of what legal theory or theories such an award might be predicated upon, you are instructed that the award is not subject to any deductions for Federal or State income taxes.

### **Nominal Damages**[13]

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

In determining whether to award nominal damages, you should also consider that if you do make such an award, the plaintiff may then be able to recover a greater sum because he might

7

then be entitled to a Court award reimbursing him for his reasonable attorney's fees. That award would be made by me after you have returned your verdict.

## NoPunitive Damages[14]

If you determine Plaintiff Robinson is entitled to damages, in determining the amount of Plaintiff's damages you may not include or add to the damages any sum for purpose of punishing the defendant or serving as an example to warn others.

**AUTHORITIES**

1. 3 L. <u>Sands, et al.</u>, <u>Modern Federal Jury Instructions</u>, #87-68

2. <u>Sands</u>, supra #87-69

3. <u>Maine v. Thiboutot</u>, 448 U.S. 1, 100 S.Ct. 2505, 65 L.Ed.2d 555 (1980); <u>Martinez v. California</u>, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); <u>Baker v. McCollan</u>, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

4. <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677, (1986), and <u>Sands</u>, supra #87-74

5. <u>Sands</u>, supra #87-79

6. <u>Id.</u> Note 4 and <u>Sands</u>, supra #87-75

7. <u>Sands</u>, supra #87-76

8. <u>Sands</u>, supra #87-77

9. <u>Graham v. Connor</u>, 109 S.Ct. 1865, <u>Johnson v. Glick</u>, 481 F.2d 1028 (2d Cir.), <u>cert denied</u>, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); <u>Miller v. Lovett</u>, 879 F.2d 1066 (1989).

10. <u>Id.</u> and, <u>Sands</u>, supra #87-74C.

11. Based on <u>Tennessee v. Garner</u>, 471 U.S.1, 105 S.Ct. 1694, 85 L.Ed.2d (1985); <u>Lester v. City of Chicago</u>, 830 F.2d 706 (7th Cir. 1987); <u>Gilmore v. City of Atlanta</u>, 774 F.2d 1494 (11th Cir. 1985); Kidd v. O'Neil, 774 F.2d 1252 (4th Cir. 1985)

12. <u>Sands</u>, supra #87-87

13. <u>Sands</u>, supra #87-88

14. <u>Sands</u>, supra #87-92

Dated: Bohemia, New York
November 3, 2011

    /S/_____
**SCOTT D. MIDDLETON, ESQ.**
**CAMPOLO, MIDDLETON**
**& McCORMICK, LLP**
Attorneys for Defendant
3340 Veterans Memorial Highway
Suite 400
Bohemia, New York 11716
(631) 738-9100

**To:** **Brian M. Dratch, Esq.**
**Franzblau Dratch, P.C.**
Plaza One
354 Eisenhower Parkway
P.O. Box 472
Livingston, NJ 07039-0472