UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM GARY ROBINSON,

                       Plaintiff,                             ORDER

   -against-                                                                        CV 07-4846 (ETB)

PETER TROYAN,

                       Defendant.
------------------------------------------------------------------------X

      Before the Court are the following motions in limine: (1) plaintiff's motion to exclude his prior criminal convictions from being admitted into evidence during this civil trial, in which plaintiff alleges that defendant violated his civil rights through the use of excessive force while plaintiff was a pretrial detainee; and (2) defendant's motion to exclude testimony by the Riverhead Chief of Police, David Hegermiller, pertaining to the fact that defendant was suspended from police duty subsequent to the incident at issue here. For the following reasons, plaintiff's motion is granted in part and denied in part and defendant's motion is granted, subject to the terms and conditions stated on the record.

I.     Plaintiff's Motion to Exclude Evidence of Prior Criminal Convictions

      Rule 609 of the Federal Rules of Evidence governs the admissibility of criminal convictions for impeachment purposes in civil actions. Daniels v. Loizzo, 986 F. Supp. 245, 249 (S.D.N.Y. 1997) (citing 4 Weinstein's Federal Evidence, § 609.04[3][a], at 609-36 (1997)). Pursuant to the Rule, there are two ways in which such evidence may be admitted. First, under Rule 609(a)(1), evidence of prior criminal convictions may be introduced to impeach a witness

where the conviction was for a crime "punishable by imprisonment in excess of one year." Daniels, 986 F. Supp. at 249 (citing Fed. R. Evid. 609(a)(1)). However, such evidence is subject to the balancing test set forth in Federal Rule of Evidence 403, which "provides for the exclusion of relevant evidence if its probative value is 'substantially outweighed' by the danger of unfair prejudice, confusion, or waste of time." Daniels, 986 F. Supp. at 248 n.4 (citing Fed. R. Evid. 403).

Second, "evidence that a witness has been convicted of a crime involving 'dishonesty or false statement' must be admitted regardless of the severity of the punishment or any resulting prejudice." Daniels, 986 F. Supp. at 249 (citing Fed. R. Evid. 609(a)(2)). "Because this rule is quite inflexible . . . it was inevitable that Congress would define narrowly the words 'dishonesty or false statement,' which, taken at their broadest, involve activities that are part of nearly all crimes." United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977). As a result, "Congress emphasized that the second prong [of Rule 609(a)] was meant to refer to convictions 'peculiarly probative of credibility,' such as those for 'perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.'" Id. (quoting Conf. Rep. No. 93-1597, 93d Cong., 2d Sess. 9, reprinted in [1974] U.S. Code Cong. & Ad. News 7098, 7103); see also United States v. Estrada, 430 F.3d 606, 616 n.3 (2d Cir. 2005) (same).

However, Rule 609(b) contains a time limitation on the admissibility of prior criminal convictions for impeachment purposes. Specifically, "[c]riminal convictions more than ten years old are not admissible for impeachment unless the court determines that, in the interest of justice,

the probative value of the conviction substantially outweighs its prejudicial effect." Daniels, 986 F. Supp. at 249 (citing Fed. R. Evid. 609(b)). In order to admit a conviction under Rule 609(b), the court must make an "on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect." United States v. Mahler, 579 F.2d 730, 736 (2d Cir. 1978).

    A.    Plaintiff's 2004 Attempted Burglary Conviction and 2007 Conviction for Promoting Prison Contraband

Defendant argues that the prior burglary and promoting prison contraband convictions are automatically admissible under Rule 609(a)(2) as crimes of dishonesty or false statement. However, the Second Circuit has stated that "crimes of stealth, such as burglary . . . do not come within [Rule 609(a)(2)]." Hayes, 553 F.2d at 827. "While much successful crime involves some quantum of stealth, all such conduct does not, as a result, constitute crime of dishonesty or false statement for purposes of Rule 609(a)(2)." Estrada, 430 F.3d at 614 (citing cases). Rather, "the use of the second prong of Rule 609(a) is . . . restricted to convictions that bear *directly* on the likelihood that the defendant will *testify* truthfully (and not merely on whether he has a propensity to commit crimes)." Hayes, 553 F.2d at 827 (emphasis in original).

The burglary and promoting prison contraband convictions may, however, still be admissible under Rule 609(a)(1). The convictions are "therefore subject to the Rule 403 balancing test imposed by Rule 609(a)(1)." Daniels, 986 F. Supp. at 250. "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." Estrada, 430 F.3d at 617 (citation omitted). Accordingly, in balancing the probative value of a prior conviction against its prejudicial effect under Rule 609(a)(1), courts examine the

following factors: (1) the impeachment value of the prior conviction; (2) the remoteness of the prior conviction; (3) the similarity between the prior conviction and the conduct at issue; and (4) the importance of the credibility of the witness. See Daniels, 986 F. Supp. at 250 (citing Hayes, 553 F.2d at 828) (additional citation omitted).

With respect to the first factor, the impeachment value, although crimes of burglary and promoting prison contraband are not automatically admissible, as discussed above, the Second Circuit has noted that "theft" crimes, as well as "crimes that involve evasions of responsibility or abuse of trust," rank "high on the scale of probative worth on credibility." Estrada, 430 F.3d at 618. Therefore, the impeachment value of the prior convictions weighs in favor of the introduction of such evidence. Second, the prior convictions occurred in 2004 and 2007. "The age[s] of the convictions . . . [are] not so remote as to diminish [their] probative value. Daniels, 985 F. Supp. at 250 (citing United States v. Palumbo, 401 F.2d 270 (2d Cir. 1968)). The third factor, the dissimilarity of the prior conviction and the conduct at issue, also weighs in favor of admitting the evidence. The crimes plaintiff was convicted of - burglary and promoting prison contraband - bear no relation to the excessive force claim at issue in this trial. Finally, the fourth factor, plaintiff's credibility, also weighs in favor of the introduction of the evidence. Notwithstanding the video tape, which appears to capture a portion of the incident, plaintiff and the defendant will testify to divergent versions of what occurred during the period prior to the videotaped portions of the incident. "Faced with these conflicting stories, the jury's central task will be to determine who is telling the truth." Id. at 251. Plaintiff's "credibility on the stand is therefore of decisive importance." Daniels, 986 F. Supp. at 251 (citation omitted). Accordingly, the prior burglary and promoting prison contraband convictions are admitted for purposes of

impeachment.

      B.      Plaintiff's Drug Convictions

Plaintiff has been convicted on various occasions of crimes involving drugs, including: (1) a 2006 misdemeanor conviction for seventh degree criminal possession of a controlled substance; (2) a 2007 misdemeanor conviction for seventh degree criminal possession of a controlled substance; and (3) a 2007 felony conviction for third degree criminal sale of a controlled substance and third degree criminal possession of a controlled substance. While defendant argues that such crimes involve crimes of dishonesty or false statement, and therefore must be admitted pursuant to Rule 609(a)(2), "[d]rug crimes . . . do not automatically implicate the use of dishonesty or false statements." Daniels, 986 F. Supp. at 249 (citing Lewis v. Velez, 149 F.R.D. 474, 481 (S.D.N.Y. 1993)); see also 4 Weinstein's Federal Evidence § 609.03[2][b][iii], at 609-16 (1997) ("Convictions for narcotic offenses are usually not considered to involve dishonesty or false statement.").

"Where, as here, the crime falls within the 'uncertain middle category neither clearly covered nor clearly excluded by . . . [Rule 609(a)(2)],' the proffering party must demonstrate 'that [the] particular prior conviction rested on facts warranting the dishonesty or false statement description.'" Daniels, 986 F. Supp. at 249-50 (quoting Hayes, 553 F.2d at 827) (alteration in original). Here, defendant offers nothing more than a blanket statement that "the elements of the underlying crime[s] require proof or an admission of an act of dishonesty or false statement, and thus must be admitted into evidence under Rule 609(a)(2)." (Def. Opp'n to Pl. Mot. in Limine 6, 7.) Defendant fails to offer any evidence or facts to suggest that the prior drug convictions involved dishonesty or false statement and therefore, the prior drug convictions are not

automatically admissible under Rule 609(a)(2). See Daniels, 986 F. Supp. at 250.

Nonetheless, the prior felony drug convictions may still be admissible under Rule 609(a)(1) because they occurred within the past ten years and were punishable by imprisonment in excess of one year. See Fed. R. Evid. After balancing the four factors outlined above, the Court finds that the probative value of two additional drug convictions is outweighed by the risk of unfair prejudice to the plaintiff.

Here, the impeachment value of the prior convictions is cumulative in nature given the admission of the two felony convictions - attempted burglary and promoting prison contraband. The Court is concerned that cumulative evidence reflected by the plaintiff's extensive record of felony convictions will be misused by the jury as evidence that he is a bad person. This would distract the jury from the real issue in this Section 1983 action - whether the plaintiff was the victim of excessive force. Such evidence may also provoke the jury to depart from the Court's instructions on the applicable law and impose a lesser standard, due to plaintiff's extensive record. The extent of permissible force used by defendant on February 7, 2007 should not be affected by the extent of the plaintiff's prior criminal record.

  C. Plaintiff's 1991 Robbery Conviction

"The Second Circuit has recognized that Congress intended that convictions more than ten years old be admitted 'very rarely and only in exceptional circumstances.'" Daniels, 985 F. Supp. at 252 (quoting Zinman v. Black & Decker, Inc., 983 F.2d 431, 434 (2d Cir. 1993)). No such "exceptional circumstances" are present here to justify the admission of plaintiff's 1991 conviction for second degree robbery, which plaintiff was convicted of more than twenty years ago. Such evidence would only serve to prejudice the plaintiff and his case. Nor do I consider

this to be a crime of dishonesty or false statement, for the reasons set forth above. See Estrada, 430 F.3d at 614. Accordingly, these prior convictions are excluded.

II.     Defendant's Motion to Exclude Testimony Regarding his Administrative Suspension

Defendant seeks to exclude the testimony of the Riverhead Chief of Police, David Hegermiller, on the grounds that the relevance of such testimony is outweighed by the prejudicial effect it would have on the defendant, pursuant to Federal Rule of Evidence 403. Defendant also asserts that the self-critical analysis privilege should preclude such testimony.

The self-critical analysis privilege is "a qualified privilege that protects from disclosure documents reflecting a party's own forthright evaluation of its compliance with regulatory, legal or professional standards." In re Winstar Commcn's Secs. Litig., No. 01 CV 3014, 2007 U.S. Dist. LEXIS 85134, at *3-4 (S.D.N.Y. Nov. 15, 2007). "Where 'a party has conducted a confidential analysis of its own performance in a matter implicating a substantial public interest, with a view towards correction of errors,' a recognized self-critical analysis privilege 'may relieve the party of its obligation to provide the purely analytical material, absent a showing of need by the other side, in order to encourage continued candid self-evaluations.'" Id. at *4 (quoting Wimer v. Sealand Serv., 1997 WL 375661, at *1 (S.D.N.Y. July 3, 1997)).

The dispute here concerns the proposed testimony of the Riverhead Chief of Police, David Hegermiller, regarding the administrative action taken with respect to defendant following the incident at issue herein - specifically, that defendant was suspended without pay for eight months and that, after being reinstated, he was prohibited from carrying a weapon or resuming any courtroom duty. The Court finds that the self-critical analysis privilege is applicable here.

The Chief of Police's analysis of defendant's actions seems to fall loosely within the self-critical analysis privilege in that the decision to suspend him necessarily involved the evaluation of whether defendant's actions complied with "regulatory, legal or professional standards." In re Winstar, 2007 U.S. Dist. LEXIS 85134, at *4.  Moreover, plaintiff has not demonstrated a need for Chief Hegermiller's testimony since the issue before the jury is whether defendant used excessive force, not whether he was disciplined.  Permitting the Chief of Police to testify would only serve to expose defendant to the risk of unfair prejudice under Rule 403 and lead to possible confusion as to the elements of the alleged Section 1983 violation and the elements of any disciplinary code or regulation applicable to Riverhead Police Department officers.  However, should defendant open the door to such evidence by maintaining that his conduct was consistent with the police department's standards of conduct, plaintiff will be permitted to pursue defendant's disciplinary suspension and/or call Chief Hegermiller to testify.

      The Court also finds that Chief Hegermiller's testimony is analogous to Federal Rule of Evidence 407, which states that "[w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove . . . culpable conduct." Fed. R. Evid. 407.  As with a situation in which someone is injured due to a faulty condition and evidence of subsequent remedial measures taken by the defendant are not considered admissible to prove fault, Chief Hegermiller's testimony concerning the disciplinary action taken against defendant is not permitted to aid plaintiff in demonstrating that defendant engaged in excessive force.

      Accordingly, defendant's motion to preclude the testimony of Chief Hegermiller is

granted, subject to the conditions set forth herein.


**SO ORDERED:**

Dated: Central Islip, New York
       November 8, 2011

                                                /s/ E. Thomas Boyle
                                                E. THOMAS BOYLE
                                                United States Magistrate Judge